MEMORANDUM **
Filiberto Vega Enriquez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.
The BIA did not abuse its discretion by denying Vega Enriquez’s motion to reopen *362 because he did not demonstrate prima fa-cie eligibility for relief under the Convention Against Torture. See Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 869-70 (9th Cir.2003) (“prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen”).
Because Vega Enriquez’s evidence regarding educational hardship pertained to the same hardship grounds previously considered by the agency in connection with the denial of cancellation of removal, we lack jurisdiction to review this aspect of the denial of the motion to reopen. See Fernandez v. Gonzales, 439 F.3d 592, 600-03 (9th Cir.2006). To the extent Vega Enriquez’s motion to reopen rests upon hardship grounds distinct from those previously considered by the agency, we have jurisdiction. See id. at 601-03. We conclude the BIA acted within its broad discretion in determining both the hardship evidence and the alleged due process violations were insufficient to warrant reopening. See Singh v. INS, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA’s denial of a motion to reopen shall be reversed only if it is “arbitrary, irrational, or contrary to law.”).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.